# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4384 | **DATE** | **APRIL 8, 2003** |
| **CASE TITLE** | JOSE BERRUM v. UNITED STATES OF AMERICA | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____ .

(3)  ☐  Answer brief to motion due_____ .  Reply to answer brief due _____ .

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____ .

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7)  ☐  Trial[set for/re-set for] on _____ at _____ .

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ Local Rule 41.1    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]    Plaintiff's motion for return of property is denied.  The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff denying plaintiff's motion for return of property with prejudice as to two "14kt Gold Chains (belonging to defendant's children)," any passport of plaintiff, "Realty Property Stamps", and ten thousand dollars ($10,000.00) cash and without prejudice as moot as to all other items.  If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case.

(11)  ■  **[For further detail see attached Memorandum Opinion and Order.]**

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices — | |
| ✓ | Notices mailed by judge's staff. | | APR 09 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 37 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/8/03 | |
| cw | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mqm mailing initials | |

DOCKETED

APR 0 9 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE BERRUM,                        )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        No. 01 C 4384
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                Defendant.          )

## MEMORANDUM OPINION AND ORDER

Jose Berrum pleaded guilty to possessing cocaine with the intent to distribute it and was sentenced to 66 months' custody. See United States v. Berrum, No. 99 CR 432 (N.D. Ill.). He is presently in custody. The present action concerns Berrum's request for return of certain property that was taken from him at the time of his arrest. Still in dispute are (a) certain personal property, (b) real property stamps, (c) Berrum's Mexican passport, and (d) $10,000 cash.

The government represents that it is unaware of any real property stamps being in its possession. The stamps could be in the sealed evidence bags containing the personal property, but the government does not believe they are contained therein. The

government will not be required to further search for any real property stamps.

Since May 2002, the government has offered to return the personal property, but Berrum has not designated a person to receive the personal property on his behalf. By April 18, 2003, Berrum shall designate a person to retrieve the personal property and have that person contact the assigned Assistant United States Attorney by not later than April 30, 2003. The property must be retrieved by no later than June 9, 2003. If the personal property has not been retrieved by June 10, 2003, the government is authorized to destroy or otherwise dispose of the personal property.[1]

According to the judgment in the criminal case, Berrum is a deportable alien. Therefore, he is subject to being deported after the completion of his term of incarceration. Thus, it is proper for the government to provide Berrum's passport to the Immigration and Naturalization Service for use during deportation proceedings. Berrum is not entitled to presently have the passport returned to him. See Onwubiko v. United States, 969 F.2d 1392, 1397 (2d Cir. 1992); Thye v. United States, 1996 WL 575941 *1 (E.D.N.Y. Oct. 2, 1996); Esieke v. United States, 1993

_____

[1]Even after June 10, 2003, the government should not destroy the personal property if an appeal related to the personal property is pending.

WL 184153 *1 (E.D.N.Y. May 19, 1993); <u>United States v. Moussa</u>, 1993 WL 42179 *1 (E.D.N.Y. Feb. 10, 1993). <u>See also</u> <u>United States v. Kouwenhoven</u>, 602 F.2d 234, 236 (9th Cir. 1979).

Last, Berrum seeks the return of $10,000 cash. That money was forfeited through administrative proceedings. The government provides documentation that it complied with due process by providing adequate notice of those proceedings. Berrum is not entitled to the return of the cash.

All proceedings having been resolved, the present action is concluded. To the extent property has been returned to Berrum, his motion for return of property is denied as moot. As to all other aspects it is denied with prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for return of property is denied. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff denying plaintiff's motion for return of property with prejudice as to two "14kt Gold Chains (belonging to defendant's children)," any passport of plaintiff, "Realty Property Stamps", and ten thousand dollars ($10,000.00) cash and without prejudice as moot as to all other items. If, before June 10, 2003, a designated agent has not retrieved the remaining personal property in the possession of defendant, defendant may destroy or otherwise dispose of the personal property. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States

Court of Appeals for the Seventh Circuit with the Clerk of the

Court, United States District Court for the Northern District of

Illinois, 219 South Dearborn Street, 20th Floor, Chicago,

Illinois 60604, within sixty (60) days of the entry of the

judgment in this case.

ENTER:

UNITED STATES DISTRICT JUDGE

DATED:  APRIL     8    , 2003